UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

[redacted] 06 183T

JONETTE JEWELRY COMPANY,
Plaintiff,

v.

MARJORIE ELEY,
Defendant.

C.A. No. 2006-

JURY TRIAL CLAIMED

## COMPLAINT

### PARTIES

1. Plaintiff, JONETTE JEWELRY COMPANY ("JONETTE"), is a Rhode Island corporation with its principal place of business in East Providence, Rhode Island.

2. Defendant, MARJORIE ELEY ("ELEY"), is an individual who resides in Keizer, Oregon. Eley has sufficient contacts with this forum to subject her to this court's *in personam* jurisdiction. As set forth more fully herein, she transacts extensive business on the eBay Internet auction site, she ships her products worldwide, and she has shipped her products to Rhode Island, including the infringing products that are the subject of this lawsuit.

### JURISDICTION

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and for violations of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a). This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

**FACTS**

4. Jonette designs, manufactures, and sells original styles of jewelry. Jonette's original designs are registered with the U.S. Copyright Office. Among Jonette's registered works are the following:

Fairy/Unicorn Pin, Item # 8930P
U.S. Copyright Registration No. VAU-534-277
Registration Date: 12/12/2001

Fairy Star Gazing Pin, Item # 9390P
U.S. Copyright Registration No. VAU-630-488
Registration Date: 7/23/2004

Fairy/Catch A Falling Star Pin, Item 9074P
U.S. Copyright Registration No. VAU-557-443
Registration Date: 9/23/2002

Fairy Pin w/ Stones & Glitter, Item # 7182
U.S. Copyright Registration No. VAU-275-699
Registration Date: 3/9/1994

Cat & Kitten Drinking From A Bowl, Item #5181
U.S. Copyright Registration No. VA-380-457
Registration Date: 12/26/1989

Tiger w/ Tribal Design Pin, Item # 8584P
U.S. Copyright Registration No. VAU-486-221
Registration Date: 5/9/2000

Brewing Witch Pin, Item # 8090
U.S. Copyright Registration No. VAU-417-668
Registration Date: 1/12/1998

4 Style Mini Bottles, Item 7356/3
U.S. Copyright Registration No. VAU-316-435
Registration Date: 10/17/1994

[The Certificates of Registration from the U.S. Copyright Office for each of the above works are annexed hereto as Exhibits I through VIII.]

5. Without plaintiff's permission and in violation of plaintiff's rights, defendant is selling and offering for sale items that imitate, copy, and infringe on plaintiff's original, copyrighted works. In particular, defendant is selling and offering for sale clay molds that are

intended to be used to make unauthorized copies of plaintiff's original, copyrighted works. Moreover, in advertising the infringing molds, defendant displays the genuine Jonette works as examples of what can be made from the molds. (One of defendant's advertisements is attached hereto as Exhibit "IX".)

6. The defendant is conducting her unlawful activities on the eBay Internet auction and shopping site. On eBay, defendant is offering the molds for sale using the eBay user identification "mairead3". In addition, the defendant operates a separate "eBay store" known as "Moon Raven Studio", which is located online at stores.ebay.com/MoonRaven-Studio. On eBay, defendant touts the fact that she is a "PowerSeller", which means that she is one of eBay's top sellers and maintains a consistent high volume of monthly sales. Defendant has made more than 3,500 sales since becoming a member of eBay in 2000. Defendant advertises that she ships her products "worldwide" and she has shipped the infringing products worldwide and to Rhode Island.

7. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered damages.

8. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

9. Defendant's acts of infringement have been and continue to be willful. Upon information and belief, defendant knew that the genuine Jonette works were protected by copyrights. Among other things, each genuine Jonette pin bears Jonette's copyright notice on the back of the pin.

**COUNT I**
**(Copyright Infringement)**

10. Paragraphs 1 through 9 are incorporated herein.

11. Defendant has infringed upon and is continuing to infringe upon Jonette's original, copyrighted works.

12. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

13. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

14. Defendant's acts of infringement have been and continue to be willful.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted works;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling her infringing molds;
- for a preliminary and a permanent injunction ordering defendant to provide plaintiff with the names and addresses of all persons who have purchased the molds;
- for a preliminary and a permanent injunction ordering defendant to immediately notify all purchasers of the molds that the molds infringe Jonette's copyrights and that use of the molds is legally prohibited;
- for a preliminary and a permanent injunction ordering defendant to recall the infringing molds from the purchasers;
- for an order impounding the infringing molds;
- for a preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing molds;
- for an accounting for all profits earned by defendant on the sale of the infringing molds;

- for an award of actual damages plus the defendant's profits pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages against the defendant pursuant to 17 U.S.C. §504(c);
- for an award of statutory damages against the defendant in the amount of $150,000 for each work infringed, pursuant to 17 U.S.C. §504(c)(2), in view of the willful and deliberate nature of the infringement;
- for an award of costs and attorneys' fees pursuant to 17 U.S.C. §505;
- for such other relief as the court deems just.

**COUNT II**
**(Violation of Section 43 (a) of the Lanham Act)**

15. Paragraphs 1 through 14 are incorporated herein.

16. Defendant's infringement upon plaintiff's original, registered works, as above-described, constitutes a false designation of origin and a false description of the goods effecting interstate commerce in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for all remedies available under Section 43(a) of the Lanham Act;
- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted works;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling her infringing molds;
- for a preliminary and a permanent injunction ordering defendant to provide plaintiff with the names and addresses of all persons who have purchased the molds;
- for a preliminary and a permanent injunction ordering defendant to immediately notify all purchasers of the molds that the molds infringe Jonette's copyrights and that use of the molds is legally prohibited;
- for a preliminary and a permanent injunction ordering defendant to recall the infringing molds from the purchasers;

- for an order impounding the infringing molds;
- for preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing molds;
- for an accounting for all profits earned by defendant on the sale of the infringing molds;
- for an award of actual damages plus the defendant's profits;
- for an award of statutory damages against the defendant;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

## COUNT III
(Misappropriation)

17. Paragraphs 1 through 16 are incorporated herein.

18. Plaintiff has invested substantial time, effort, and money in the jewelry designs described herein.

19. Defendant has appropriated the fruits of plaintiff's investment at no cost.

20. As a direct and proximate result of defendant's misappropriation, plaintiff has been injured.

WHEREFORE, plaintiff prays for judgment in its favor and against the defendant:

- for an award of compensatory damages;
- for an award of punitive damages ;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

## COUNT IV
(Dilution)

21. Paragraphs 1 through 20 are incorporated herein.

22. Defendant's infringement upon plaintiff's original, copyrighted works, as described herein, causes a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive quality of plaintiff's works, in violation of plaintiff's common law rights and in violation of R.I.G.L. § 6-2-12.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendant:

- for all remedies available under R.I.G.L. § 6-2-12.
- for an award of compensatory damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiff,
JONETTE JEWELRY COMPANY,
By Its Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: April 20, 2006

Plaintiff claims a trial by jury on all issues so triable.