**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JONETTE JEWELRY COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | C.A. No. 06-183-T |
| | : | |
| MARJORIE ELEY, | : | |
| | : | |
| Defendant, | : | |

## ANSWER OF DEFENDANT, MARJORIE ELEY

NOW COMES the Defendant, Marjorie Eley, by and through the undersigned counsel, and does herewith answer the Plaintiff's Complaint, and as follows:

**The Parties:**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

2. Defendant admits in part and denies in part, those allegations set forth in Paragraph 2 of the Plaintiff's Complaint. Defendant admits she is a resident of the State of Oregon. Defendant denies that she has any contact with this forum or that she has shipped any products to the State of Rhode Island, as therein alleged. Defendant admits she made one shipment to the State of Rhode Island, to David Lisker or Barrington, Rhode Island. Defendant denies, without limitation, all remaining allegations set forth in Paragraph 2, and expressly denies that she has ever lived in Rhode Island, she denies that she has ever had an office or place of

business in Rhode Island, neither has she ever worked in Rhode Island. Defendant never targeted Rhode Islanders in her solicitations for bids on eBay.

**Jurisdiction:**

3. Defendant admits in part and denies in part, those allegations set forth in Paragraph 3 of Plaintiff's Complaint. The Defendant admits that this court has subject matter jurisdiction in cases arising under 28 U.S.C. Section 1331, as amended, and for alleged violations of Title 17 U.S.C. sections 101 et seq. The Defendant denies that her conduct was violative of section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a) and leaves Plaintiff to their proof. Defendant further denies any and all related state law claims pursuant to Title 28 U.S.C. Section 12. Defendant denies that this court has any jurisdiction to adjudicate any claim arising under the foregoing statutes within the parameters of this action.

**Facts:**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

6. Defendant admits in part and denies in part, those allegations set forth in Paragraph 6 of Plaintiff's Complaint. The Defendant admits that she has offered a broad range of molds for sale on eBay and that she also exhibited a broad range of molds for sale at her cyber-storefront, *Moon Raven Studio*. Defendant admits that

she offered molds of various design for sale using the eBay Seller Name: mairead3. Defendant admits that she offered molds of various design for sale at her cyber-storefront located at stores.ebay.com/MoonRaven-Studio. Defendant further admits that she sold some molds of varying designs. Defendant admits that she was a PowerSeller® as designated by eBay. Defendant denies "touting" herself as a PowerSeller®. eBay offers specialized services to qualifying listers who take advantage of PowerSeller® membership. eBay automatically invites sellers who qualify by averaging $1,000.00 gross sales per month, for three consecutive months and who meet certain "feedback" criteria. The fact that Defendant was a designated PowerSeller® is irrelevant to the matter at issue.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 6 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 8 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

9. Defendant denies the allegations set for in Paragraph 9 of Plaintiff's Complaint. Defendant had no knowledge of any intellectual property rights which are

allegedly held by Jonette. Defendant did not have the back of the mold which, according to Plaintiff's Complaint, bears the Jonette copyright notice. Defendant had no cause to suspect that the parties selling her any of the molds she purchased did not own the intellectual property rights in those molds. Immediately upon learning of Plaintiff's allegations, Defendant, out of an abundance of caution, deactivated her eBay sites and contacted those parties to whom she believed she may have sold molds in which Plaintiff claims proprietary rights.

**Count I**

10. Paragraphs 1 through 9 are incorporated herein.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

14. Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

WHEREFORE, the defendant, Marjorie Eley, prays this Honorable Court to enter judgment in her favor and deny and dismiss the Plaintiff's Complaint, and award unto the

defendant, Marjorie Eley, a reasonable attorney's fee and the costs of defending the instant action.

**Count II**

15. Paragraphs 1 through 14 are incorporated herein.

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

WHEREFORE, the defendant, Marjorie Eley, prays this Honorable Court to enter judgment in her favor and deny and dismiss the Plaintiff's Complaint, and award unto the defendant, Marjorie Eley, a reasonable attorney's fee and the costs of defending the instant action.

**Count III**

17. Paragraphs 1 through 16 are incorporated herein.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

WHEREFORE, the defendant, Marjorie Eley, prays this Honorable Court to enter judgment in her favor and deny and dismiss the Plaintiff's Complaint, and award unto the

defendant, Marjorie Eley, a reasonable attorney's fee and the costs of defending the instant action.

**Count IV**

21. Paragraphs 1 through 20 are incorporated herein.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of Plaintiff's Complaint. Strict proof thereof is, therefore, demanded at the time of trial.

WHEREFORE, the defendant, Marjorie Eley, prays this Honorable Court to enter judgment in her favor and deny and dismiss the Plaintiff's Complaint, and award unto the defendant, Marjorie Eley, a reasonable attorney's fee and the costs of defending the instant action.

Defendant,

MARJORIE ELEY,
By her Attorney

Dawn F. Oliveri, Esq. (4716)
160 Plainfield Street
Providence, RI 02909
Phone: (401) 942-0033
Fax: (401) 633-6870
Email: oliverilaw@aol.com

**CERTIFICATION OF SERVICE**

I hereby certify that a true copy of the within Answer of Defendant, Marjorie Eley, was mailed, postage prepaid, and hand-delivered, on this 5th day of June, 2006 to Plaintiff's counsel, Michael H. Feldhuhn at 56 Pine Street, Suite 200, Providence, Rhode Island 02903 to Plaintiff's counsel, Michael H. Feldhuhn at 56 Pine Street, Suite 200, Providence, Rhode Island 02903

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a ground upon which relief may be granted.

2. Defendant denies that this court has in personam jurisdiction.

3. Defendant denies that Rhode Island is the proper venue in which to bring this matter.

4. Any infringement, if proved, was unknowing and unintentional.

5. The Defendant reserves such further affirmative defenses which may exist but of which they may not be aware of, which may appear hereafter during discovery, trial or otherwise.

WHEREFORE, the Defendant demands judgment for the Defendant, plus costs and attorney's fees in this matter and grant such further relief as this court deems just

Defendant,
MARJORIE ELEY,
By her Attorney

Dawn F. Oliveri

Dawn F. Oliveri, Esq. (4716)
160 Plainfield Street
Providence, RI 02909
Phone: (401) 942-0033
Fax: (401) 633-6870
Email: oliverilaw@aol.com

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Affirmative Defenses, was mailed, postage prepaid, and hand-delivered, on this 5th day of June, 2006 to Plaintiff's counsel, Michael H. Feldhuhn at 56 Pine Street, Suite 200, Providence, Rhode Island 02903

Dawn F. Oliveri